Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DIANNE F. ZAMUDIO,


 Appellant,


v.


JAVIER ZAMUDIO,


 Appellee.

§


§


§


§


§

No. 08-03-00139-CV


Appeal from the


383rd Judicial District Court


of El Paso County, Texas


(TC# 97CM4465)


M E M O R A N D U M O P I N I O N



 This appeal is before the Court on its own motion, for determination of whether it
should be dismissed for want of prosecution. Finding that no Appellant's brief has been
filed, we dismiss the appeal.

FACTS


 This appeal is from a judgment signed December 27, 2002. The clerk's record was
timely filed on April 24, 2003. The reporter's record was due on June 9, 2003. The court
reporter had previously notified this Court that no financial arrangements had been made for
preparation of the reporter's record and an extension was granted. Appellant, Dianne F.
Zamudio, contacted Appellee's attorney, J. Morgan Broaddus III, by letter dated June 4,
2003, indicating that she wished to continue the appeal but could not afford to hire an
attorney. Mr. Broaddus forwarded the letter to the Court and by Order dated June 11, 2003,
this Court ordered the trial court to conduct a hearing to determine if Appellant had been
deprived of a reporter's record and if Appellant was entitled to a reporter's record at county
expense. 

 The trial court conducted a hearing on July 8, 2003 at which Appellant participated
telephonically. The trial court filed a transcript of the hearing and its findings of fact and
conclusions of law on July 21, 2003. The trial court concluded that Appellant's June 4, 2003
letter did not meet the requirements of Texas Rules of Appellate Procedure 20.1(a), (b) and
(c), as to the contents and form of an affidavit of indigency. The trial court found that
Appellant had not established indigency and/or had not properly done so. 

 On August 25, 2003 pursuant to Tex. R. App. P. 38.8, this Court's clerk sent the
parties a notice of the Court's intent to dismiss for want of prosecution if, within ten days of
the notice, no party responded showing grounds to continue the appeal. On September 12,
2003, Appellant faxed a letter to the Court indicating that she wished to pursue the appeal. 
Appellant requested an extension of two months and indicated she was again attempting to
claim indigency. 

Appellant's Failure to File Brief


 This court possesses the authority to dismiss an appeal for want of prosecution when
Appellant has failed to file his brief in the time prescribed, and gives no reasonable
explanation for such failure. See Tex. R. App. P. 38.8; Celotex Corp., Inc. v. Gracy Meadow
Owners Ass'n., Inc., 847 S.W.2d 384, 385 n.1 (Tex. App.--Austin 1993, writ denied). We
have given notice of our intent to do so and requested a response if a reasonable basis for
failure to file the brief exists. Appellant's response indicates that she is again claiming
indigency. This Court has previously ordered an indigency hearing and the trial court
concluded Appellant was not entitled to indigency status. We see no purpose that would be
served by declining to dismiss this appeal at this stage of the proceedings. Pursuant to Tex.
R. App. P. 38.8 and 42.3(b), we dismiss the appeal for want of prosecution.

October 9, 2003


 _______________________________________ 
 RICHARD BARAJAS, Chief Justice



Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.